# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LISA TREASE,**
        **Plaintiff,**

      v.                                                                     Case No. 12-CV-00620

**TRI-STATE ADJUSTMENTS, INC.,**
        **Defendant.**

## DECISION AND ORDER

Plaintiff Lisa Trease brings this action against defendant Tri-State Adjustments, Inc., a debt collection agency, alleging that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Wisconsin Consumer Act ("WCA"), chapter 427, Wisconsin Statutes, by seeking interest on debts which had not been reduced to judgment. Plaintiff alleges that between December 5, 2011 and April 5, 2012 defendant mailed her three letters relating to debts that plaintiff allegedly owed Aurora Advanced Healthcare SC ("Aurora"). The first letter demanded payment of two debts, one of $218.84 and the other of $83.28. The second demanded payment of a third debt of $14.30. The third letter demanded payment of all three debts but indicated slightly higher amounts due reflecting interest that had accrued on the debts. However, the letter did not explain the higher amounts. Plaintiff's agreement with Aurora did not call for payment of interest, and the debts to Aurora had not been reduced to judgment.

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant moves to dismiss Counts II and IV of the complaint and part of Count I on the ground that Wisconsin law, which the parties agree applies, authorized it to seek interest on a debt where the amount of interest was

undisputed but the debt had not been reduced to judgment.[1] Plaintiff opposes defendant's motion and seeks leave to amend her complaint by adding several additional facts. Defendant objects to plaintiff's request to amend but, pursuant to the criteria in Fed. R. Civ. P. 15(a), I see no reason not to grant it. Permission to amend should be liberally granted, and defendant suffers no prejudice from the amendment. Accordingly, I will treat defendant's Rule 12(b)(6) motion as a motion to dismiss the amended complaint. In considering the motion, I take plaintiff's allegations as true and draw all inferences in plaintiff's favor. Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010). To survive defendant's motion, plaintiff must state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Wisconsin common law authorizes a party which prevails in a breach of contract action to collect preverdict interest, i.e. interest which accrued before the court resolved the claim. See Johnson v. Pearson Agri-Systems, Inc., 119 Wis. 2d 766, 768 n.1 (1984). In order for a plaintiff to collect preverdict interest, the liability at issue must be "either liquidated or determinable by a 'reasonably certain standard of measure.'" Beacon Bowl, Inc. v. Wis. Elec. Power Co., 176 Wis. 2d 740, 776–77 (1993) (quoting Laycock v. Parker, 103 Wis. 161, 183 (1899)). The reason for permitting the collection of preverdict interest is that money has a time value, and interest compensates a party for the loss of such value. Id. Interest accrues from the time that payment is due under the contract or, if the

---

[1] Defendant characterizes its motion as a motion to dismiss the entire complaint, but its brief fails to address plaintiff's claim in Count I that defendant violated the FDCPA by failing to explain why the amounts of the debts had increased or plaintiff's claim in Count III that defendant failed to provide all of the disclosures required by the FDCPA in its third collection letter. These claims, therefore, survive defendant's motion.

2

contract does not fix a time for payment, from the time that payment is demanded. Congress Bar & Restaurant, Inc. v. Transamerica Ins. Co., 42 Wis. 2d 56, 70 (1969). Because the amount due must be liquidated or easily determinable, a genuine dispute over the size of a debt prevents the accrual of interest. State ex rel. Schilling v. Baird, 65 Wis. 2d 394, 402 (1974). However, a dispute over whether a party owes the debt will not prevent that party from being liable for preverdict interest. City of Merrill v. Wenzel Bros., Inc., 88 Wis. 2d 676, 698 (1979). When Wisconsin courts award interest, they look to Wis. Stat. § 138.04 to determine the rate of interest. Erickson by Wightman v. Gundersen, 183 Wis. 2d 106, 123 n.8 (Ct. App. 1994). Under § 138.04, the rate for preverdict interest is 5% per year.

In the present case, although plaintiff denies owing the debts, she does not dispute their amounts. Notwithstanding that the amounts of the debts are liquidated, plaintiff contends that defendant had no right to demand preverdict interest because the debts had not been reduced to judgment. Plaintiff, however, provides no good reason why this should matter. Although Wisconsin courts have not addressed the issue of preverdict interest in the FDCPA context, as discussed, Wisconsin cases make clear that where, as here, the amount of a debt is undisputed, preverdict interest is available as a matter of law. Murray v. Holiday Rambler, Inc., 83 Wis. 2d 406, 438 (1978) ("The plaintiffs are entitled, as a matter of law, to [preverdict] interest on their claim for contract damages."); Necedah Mfg. Corp. v. Juneau Cnty., 206 Wis. 316, 334 (1931) (preverdict interest is part of a plaintiff's "compensatory damages, measured according to a rule of law which courts are bound to apply."). In this respect, Wisconsin courts follow the approach outlined in the Restatement Second of Contracts, which states, "If the breach consists of a failure to pay a definite sum

3

in money or to render a performance with fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled." Rest. 2d Contracts § 354(1) (1981). Thus, in a case with facts virtually identical to the facts of the present case, the District Court for the Western District of Wisconsin held that a debt collector could seek preverdict interest. See Sgrignoli v. Paskin & Obwerwetter Law Offices, Ltd., No. 96-C-0841-S, 1997 WL 34852146, at *5 (W.D. Wis. Jan. 29, 1997).

In support of her argument that defendant could not seek preverdict interest in the absence of a judgment, plaintiff cites a number of cases including Beacon Bowl, State ex rel Schilling, Wyandotte Chemicals Corp. v. Royal Mfg. Co., Inc., 66 Wis. 2d 577 (1975), City of Franklin v. Badger For Truck Sales, 58 Wis. 2d 641 (1973), and Luber v. Milwaukee Cnty., 47 Wis. 2d 271 (1970). However, the courts in the cases cited by plaintiff did not deny preverdict interest because of the absence of a judgment. Rather, in each case, the court denied preverdict interest because the amount of the debt could not be determined until the case was resolved. Plaintiff's reliance on Erickson by Wightman is also misplaced. There, the court clarified that the source of the right to preverdict interest is the common law. 183 Wis. 2d at 123. It did not hold that a party needs court approval to collect preverdict interest.

Plaintiff also cites Veach v. Sheeks, 316 F. 3d 690 (7th Cir. 2003), but that case is also inapposite. The problem in Veach, an FCDPA case, was that the debt collector demanded an amount that it might have been able to collect but that plaintiff had not then incurred. In the court's words, the debt collector demanded not "what the obligation [was]" but "what the final, worst-case scenario could be." Id. at 693 (emphasis omitted). The

present case is more like Fields v. Wilber Law Firm P.C., 383 F. 3d 562 (7th Cir. 2004), than Veach. In Fields, a debt collector demanded payment of attorney's fees that it had already incurred as part of its collection costs. The plaintiff conceded that she owed some attorney's fees under her contract but argued that a debt collector should be required to seek court approval for a specific amount before including fees in an account balance. Id. at 564. The Seventh Circuit disagreed holding that "when a debtor has agreed to pay attorneys' fees and collection costs, a debt collector may, without a court's permission, state those fees and costs and include that amount in the dunning letter." Id. at 565. The court distinguished Veach noting that the damages and fees requested there could only be determined in litigation. Id. at 565. In the present case, where the amount of the debt was undisputed and did not have to be determined by litigation, defendant had a right to seek preverdict interest.

Lastly, plaintiff contends that, even if a party may seek preverdict interest without a judgment, § 138.04 does not set the rate of such interest. However, Wisconsin case law makes clear that § 138.04 fixes the interest rate for money due under a contract. Laycock, 103 Wis. at 181 (interpreting a prior version of § 138.04 as setting the "rate to be paid in the absence of any agreement therefor" on "money due upon 'note or other contract'"); Miller v. Tainter, 252 Wis. 266, 268 (1948) (noting that a prior version of § 138.04 set the rate of interest for "contract liabilities and liabilities reduced to judgment"). Because plaintiff's alleged debts arose out of a contract for medical services, § 138.04 provides the applicable rate of interest.

5

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to file an amended complaint (Docket #17) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file supplemental authority (Docket #15) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss (Docket #11) is **GRANTED** as to Count II and Count IV and that portion of Count I that alleges that defendant violated the FDCPA by attempting to collect preverdict interest.

Dated at Milwaukee, Wisconsin, this 29th day of March 2013.

_____
LYNN ADELMAN
District Judge